UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> FLOYD E. HARRINGTON, ET AL., <br><br> Defendants. | Civil Action No. <br><br> 13-CV-2679-ES-SCM <br><br> **REPORT AND RECOMMENDATION ON MOTION FOR REMAND** <br><br> **[D.E. 8]** |

STEVEN C. MANNION, United States Magistrate Judge.

## I.  INTRODUCTION

Before the Court is plaintiff Wells Fargo Bank, N.A.'s (hereinafter "Plaintiff" or alternatively, "Wells Fargo") Motion to Remand this case to the Superior Court of New Jersey, Essex County.  The motion is opposed by *pro se* defendant Heidi Harrington (hereinafter "Defendant").  Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Esther Salas, U.S.D.J. has referred the instant motion to the undersigned for report and recommendation.

The Court, having considered the parties' submissions and for the reasons set forth herein, respectfully recommends that Plaintiff's Motion to Remand be **granted**.

**II.  BACKGROUND**

On August 28, 2008, Plaintiff filed a three-count Complaint for foreclosure against defendants Floyd E. Harrington (and his heirs, devisees, personal representatives and successors), Heidi Harrington (and her heirs, devisees, personal representatives and successors), Mrs. Floyd E. Harrington and Mr. Harrington, husband of Heidi Harrington (referred collectively hereinafter as "Defendants") in the Superior Court of New Jersey, Chancery Division. (*See* Docket Entry ("D.E.") 8-1, Exhibit A- Plaintiff's Complaint for Foreclosure).  A copy of the Summons and Complaint was served upon Defendant on September 3, 2008.  (*See* D.E. 8-1, Exhibit B- Affidavit of Service).  Final judgment in the above-referenced action was entered against the Defendants on December 23, 2009. (*See* D.E. 8-1, Exhibit C- Order of Final Judgment).

On April 26, 2013, Defendant filed a Notice of Removal in this Court. (*See* D.E. 1, Notice of Removal).  Thereafter, Defendant sought an Order to Show Cause to Enforce the Notice of Removal and for a Stay of Eviction. (*See* D.E. 2, Defendant's Certification in Support of Order to Show Cause).  After conducting a hearing, this Court denied Defendant's application for a preliminary injunction staying eviction. (*See* D.E. 7, Court's Minute Entry for Hearing on *Pro See* Defendant's Application for Preliminary Injunction).

On May 23, 2013, Plaintiff filed the instant Motion to Remand. (*See* D.E. 8, Plaintiff's Motion to Remand ("MTR")). Defendant filed her Opposition to the MTR on June 14, 2013.[1] (See D.E. 9, Defendant's Opposition). Plaintiff did not file a Reply.

### III. SUMMARY OF PARTIES' POSITIONS

#### A. Plaintiff's Moving Certification[2]

Plaintiff proffers two arguments in support of its Motion to Remand. First, Plaintiff avers that because this foreclosure matter was fully adjudicated in the Superior Court of New Jersey, complete with the underlying property being sold via a

---

[1] In her Opposition, Defendant erroneously captioned this matter, designating herself and Floyd E. Harrington as the "Plaintiff" and designating Wells Fargo Bank, NA as the "Defendants." (See D.E. 9). It appears from Defendant's submissions that she may be under the mistaken belief that by removing the instant action to this Court, she has become the plaintiff and Wells Fargo has become the defendant. This is supported by the fact that in her Notice of Removal, she refers to herself as the "Movant" and states that she is "filing a complaint of and [sic] unlawful proceeding in violation of the Fair Debt Collection Practices Act and the Truth in Lending Act."  (D.E. 1 at p. 3). The Notice of Removal also suggests that Defendant was under the misapprehension that the Notice of Removal was a proper vehicle to collaterally attack the Final Judgment rendered against her in state court.  Any attempt by Defendant to collaterally attack the state court judgment and/or assert federal claims against Wells Fargo via the Notice of Removal is null.  As such, the Court will proceed to refer to Heidi Harrington as 'Defendant' and Wells Fargo as 'Plaintiff'.

[2] *In lieu* of a brief, counsel for Plaintiff, Robert D. Bailey, Esq., submitted a Certification in support of the instant Motion to Remand. (*See* D.E. 1, Certification of Robert D. Bailey, Esq. In Support of Motion).

sheriff sale, Defendant is no longer the title-holder of the subject property and therefore did not have standing to remove this action. (D.E. 8-1 at p. 2).  Additionally, Plaintiff argues that even if Defendant could demonstrate standing, remand is proper because Defendant filed the Notice of Removal over five years after the statutory period allotted for removal. (*Id.*)

### B. Defendant's Opposition Brief

In her brief, Defendant's first point heading reads: "Memorandum of Law that Supports that 28 U.S.C. § 1146(b)[3], allows for the Exception to the 30 day requirement for Removal." (D.E. 9 at p. 3).  [sic].  Defendant makes two averments in support of the timeliness of Removal: 1) that "Removal is Timely because the Court has both Original and Diversity Jurisdiction…" [sic]; and 2) that "I, the Plaintiff Served all parties in the Superior Court before the Chancery Judge on the record, pursuant to rule." [sic]. (*Id.*).  Defendant makes no further averments or arguments in support of the timeliness of her Removal of the instant action.  The remainder of Defendant's brief presents arguments why the state court's judgment in the instant action

---

[3] Here, Defendant references "28 U.S.C. § 1146(b)." Based on the fact that there is no such section in the federal code and because the context of Defendant's point heading relates to the 30-day Removal requirement, the Court presumes that Defendant intended to reference 28 U.S.C. § 1446(b) (Procedures for removal of civil actions).

(foreclosure of the subject property) is void and/or should be vacated. (*See* D.E. 1 at pp. 3-13).

**IV.   DISCUSSION**

    **1) Procedure for Removal**

The procedure for removal is governed by Title 28, Section 1446 of the United States Code, which states, in relevant part:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter"

28 U.S.C. § 1446(b). The defendant bears the burden of demonstrating the appropriateness of removal, including its timeliness. S*ee, e.g., Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990); *Groh v. Groh,* 889 F.Supp. 166, 169-70 (D.N.J. 1995) (citations omitted). In evaluating the propriety of a removal, this Court is guided by Congress' intention that cases be removed at the earliest possible moment. *Foster v. Mut. Fire, Marine & Inland Ins. Co.,* 986 F.2d 48, 53 (3d Cir.1993) (quoting *Rowe v. Marder,* 750 F.Supp. 718 (W.D.Pa.1990)), *aff'd,* 935 F.2d 1282 (3d Cir.1991) (unpublished table decision). Additionally, the Court must strictly construe the removal

5

statutes and resolve all doubts about removal in favor of remand. *See, e.g., Boyer,* 913 F.2d at 111 (quotation omitted).

**2) Untimeliness of Filing of Notice of Removal**

Because Defendant waited until a final judgment was rendered some five and a-half years after the instant action was commenced in the Superior Court of New Jersey, remand is proper. Section 1446(b) is unambiguous with respect to the time within which a defendant must remove a case.  Defendant has not proffered any legitimate reason why she has sought to remove this case at this extremely belated juncture.[4]  Defendant points to this Court having "[o]riginal and [d]iversity [j]urisdiction" [*see* D.E. 9 at p.2] over the instant matter as the basis for excusing the grossly untimely removal of this action.  However, the fact that this Court could theoretically exercise subject matter jurisdiction over this matter is no basis whatsoever to ignore the thirty-day removal rule because the only matters that may be removed are those over which this Court has subject matter jurisdiction.  Thus, Defendant's statement that this

---

[4] While Defendant claims that the she was not served [*see* D.E. 9 at p. 1] the Court finds this claim unpersuasive given Plaintiff's proffer of an Affidavit of Service [*see* D.E. 8-1, Affidavit of Service) that indicates that the Summons and Complaint was served upon Defendant on September 3, 2008 and the fact that Defendant apparently litigated this case in state court for over five years.

6

Court has jurisdiction of the instant matter does nothing to create an exception to the thirty-day rule.[5]

Defendant appears to have attempted to use removal as a means to achieve one or all of the following objectives, none which are permissible: 1) to assert counter-claims against the Plaintiff that should have been brought in the Superior Court; 2) to collaterally attack/seek review of the final judgment rendered by the Superior Court; and 3) to use removal as a "last ditch effort" to stave off imminent eviction from the subject property.  Regardless of her motives, the putative removal was out-of-time and therefore, remand is in order.

## V.   CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion to Remand be **granted.**  The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R.

---

[5] The Court notes here that there has been no finding as to whether it would have original subject matter jurisdiction over the instant case.  At this juncture, this case is not removable on the basis of diversity jurisdiction due to the one year limit on the removal of diversity actions.  Also, it is doubtful that there is a federal question present (based on the pleadings before the Court) such that this Court, even if removal had been timely, would have subject matter jurisdiction of this case. The Court has declined to conduct an in-depth jurisdictional analysis because that issue is rendered moot due to the untimeliness of Defendant's filing of the Notice of Removal.

7

71.1(c)(2).



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/30/2013 1:59:57 PM