NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WELLS FARGO BANK, N.A., | : |
| Plaintiff, | : Civil Action No. 13-2679 (ES) |
| v. | : MEMORANDUM OPINION & ORDER |
| FLOYD E. HARRINGTON, et al., | : |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

Pending before the Court is plaintiff Wells Fargo Bank, N.A.'s ("Plaintiff" or "Wells Fargo") motion to remand this action to the Superior Court of New Jersey, Essex County, Chancery Division. (D.E. No. 8). This Court referred Plaintiff's motion to the Honorable Steven C. Mannion, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B). On September 5, 2013, Magistrate Judge Mannion issued a Report and Recommendation (the "R & R") that the undersigned grant Plaintiff's motion and remand this matter accordingly. (D.E. No. 11). Judge Mannion advised the parties that they had fourteen days to file and serve any objections to the R & R pursuant to Local Civil Rule 72.1(c)(2). (*Id.* at 7).

On September 19, 2013, *pro se* defendant Heidi Harrington ("Defendant" or "Ms. Harrington") filed a document titled "Plaintiff's/State Court Defendant's Affirmation and Opposition to the Defendant's/State Court Plaintiff's Motion to Remand." (D.E. No. 12 ("Def. Objection")). In this submission, Ms. Harrington asserts that "Defendants vehemently oppose[] and object[] to the remanding of this matter," and the Court therefore construes this submission as an objection to Judge Mannion's R & R. (*Id.* at 14). For the reasons set forth below, the

Court adopts Magistrate Judge Mannion's R & R and GRANTS Plaintiff's motion to remand.

"When a litigant files an objection to a Report and Recommendation, the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13-4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013) (citing 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(b), and L. Civ. R. 72.1(c)(2)).

With respect to removal of actions from state court to federal court, 28 U.S.C. § 1446 (b)(1) provides that

> [t]he notice of removal of a civil action or proceeding *shall be filed within 30 days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, *or within 30 days* after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, *whichever period is shorter*.

(emphasis added). "The burden of proof is on the removing party to show removal was timely." *FDIC v. Wissel & Sons Constr. Co.*, 881 F. Supp. 119, 122 (D.N.J. 1995). "If there is any doubt as to the propriety of removal, that case should not be removed to federal court." *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996). Notably, "[f]ailure to file a notice of removal within the time period provided by the removal statutes is a sufficient basis for remand." *Eyal Lior v. Sit*, 913 F. Supp. 868, 874 (D.N.J. 1996).

The Court provides the background of this action in summary fashion because Judge Mannion provided the relevant factual and procedural background in the R & R. (D.E. No. 11 at 1-5). On August 28, 2008, Wells Fargo brought an action for foreclosure against Floyd E. Harrington and Ms. Harrington in the Superior Court of New Jersey, Essex County, Chancery

Division. (D.E. No. 8-1, Ex. A).[1] On December 23, 2009, the state court issued a final judgment in favor of Wells Fargo. (*Id.* at Ex. C). On April 26, 2013, over three years *after final judgment was issued in state court*, Ms. Harrington filed a notice of removal resulting in the instant action before this Court. (D.E. No. 1).

Ms. Harrington argues that, as an "[e]xception to the 30 day requirement for [r]emoval," this "[r]emoval is [t]imely because the Court has both [o]riginal and [d]iversity jurisdiction." (Def. Objection at 5 (citing 28 U.S.C. §§ 1337, 1446(b); 15 U.S.C §§ 1601, 1692). But the issue is whether Ms. Harrington properly removed this action in terms of *procedure*. Notwithstanding her status as a *pro se* litigant, the Court cannot ignore the clear statutory time limitations for removal and extend her time to remove an action from 30 days to several *years* after an unfavorable state court judgment. *See Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) ("It is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."); *Silverman v. China Nat'l Native Produce & Animal By-Prods. Import & Export Corp.*, No. 06-1710, 2007 WL 518605, at *4 (W.D. Pa. Feb. 12, 2007) ("As with all of the statutory prerequisites for federal courts' exercise of removal jurisdiction, the time limitations of section 1446(b) must be strictly observed, and the burden of establishing the timeliness of a removal petition is on the removing party.").

To be sure, Ms. Harrington raises several other issues in her objection to Judge Mannion's R & R, including: the injury requirement for standing, (Def. Objection at 2-3); the

---

[1] More specifically, Wells Fargo's state court complaint listed the following defendants: "Floyd E. Harrington, his/her heirs, devisees, and personal representatives, and his, her, their or any of their successors in right, title and interest; Heidi Harrington, his/her heirs, devisees, and personal representatives, and his, her, their or any of their successors in right, title and interest; Mrs. Floyd E. Harrington; Mr. Harrington, Husband of Heidi Harrington." (D.E. No. 8-1, Ex. A).

3

*Rooker-Feldman* doctrine, (*id.* at 4); failure to properly effect service resulting in a void judgment, (*id.* at 5-6); arguments relating to the implications of a void judgment, (*id.* at 6-11); arguments relating to violations under 18 U.S.C. §§ 1962 & 1964, (*id.* at 11-13); and arguments relating to subject matter jurisdiction and other issues involving 11 U.S.C. § 362 and the Fair Debt Collections Practices Act, (*id.* at 13-14). These other issues, however, do not concern the unequivocal procedural defect in Ms. Harrington's removal—i.e., removing the action from state court several years after final judgment was rendered by the state court. The Court agrees with Judge Mannion, (*see* D.E. No. 11 at 7 n.5), that the Court need not make a finding as to whether the instant action involves federal subject matter jurisdiction because, as discussed above, Section 1446 (b)(1) and relevant case law mandate the Court to remand this action on procedural grounds.

The Court has reviewed Defendant's objection, as well as Magistrate Judge Mannion's R & R, and for the reasons stated above and in Judge Mannion's R & R,

**IT IS** on this 27th day of December 2013,

**ORDERED** that this Court adopts Magistrate Judge Mannion's Report and Recommendation, (D.E. No. 11), as the Opinion of this Court; and it is further

**ORDERED** that Plaintiff's motion to remand, (D.E. No. 8), is GRANTED; and it is further

**ORDERED** that this matter is hereby REMANDED to the Superior Court of New Jersey, Essex County, Chancery Division; and it is further

**ORDERED** that the Clerk of Court shall mark this case CLOSED.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**